UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ABOGADO,<br><br>    Plaintiff,<br><br>    v.<br><br>ROLANDO ENGRACIA, et al.,<br><br>    Defendants. | Case No. 15-cv-04326-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND CASE** |

On September 22, 2015, Defendants Ronaldo Engracia filed a Notice of Removal and an Application to Proceed In Forma Pauperis in this case. No party has consented to this Court's jurisdiction, so the Court issues this Report and Recommendation and will reassign this case to a district judge. For the reasons set forth below, the Court recommends denying Defendant's Application to Proceed In Forma Pauperis and remanding this matter to state court.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324.

Defendant's Application to Proceed In Forma Pauperis does not adequately allege poverty.

Mr. Engracia's application states that he has a net income of $18,000 and his wife (who is also a Defendant in this action) has a net income of $19,000 *per month*. Even assuming that these figures are intended to be net income *per year*, and taking into account Defendants' debts and other financial obligations, this income is sufficient to allow Defendant to pay the Court's filing fee. Defendant does not appear to qualify for In Forma Pauperis status, and his Application should be denied.

Further, the Court lacks subject matter jurisdiction in this case. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Defendant bases removal on federal question jurisdiction, stating that Plaintiff failed to comply with the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220. Notice of Removal at 2. Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 because the complaint, on its face, does not arise under federal law.

Furthermore, there is no indication in the Notice of Removal that all Defendants join in the removal. 28 U.S.C. section 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." If the district court discovers that all defendants have not joined or consented to removal, it must remand the case." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1050, 1052 (N.D.Cal. 2009). Here, the Notice of Removal was filed by Rolando Engracia alone, and there is no indication as to whether the three other Defendants consent to removal.

Accordingly, the Court recommends denying Defendant's Application to Proceed In Forma Pauperis and remanding this case to the Alameda County Superior Court. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order

**IT IS SO RECOMMENDED.**

Dated: September 25, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3